COWART, Judge,
dissenting.
To me the policy excerpts quoted in the majority opinion are clear, complete, and unambiguous on their face and their meaning can, and should, be objectively determined from the words themselves as a matter of law and are not subject to extrinsic evidence as to the subjective intent and meaning of one party or of the scrivener. See Lemon v. Aspen Emerald Lakes Associates, Ltd., 446 So.2d 177 (Fla. 5th DCA 1984).
The plain meaning of the policy excerpts is that “Florida Testing & Engineering Co.” is a “Named Insured” within the meaning of that phrase in the final paragraph of Endorsement No. 3. It is likewise clear as a matter of law that any claim arising out of work an insured “performed on the Flagler County Court House” is excluded from the liability coverage of this policy. Therefore it should be held to be error to admit extrinsic evidence as to these two matters and error to rely on that evidence to hold otherwise.
It is usual practice in insurance policies to define certain specifically identified entities, and certain described classes of persons, as "insured” or “named insured” and to thereafter refer to all who fall within that definition by the singular word “insured”. This practice is common in the drafting of leases, deeds, and other legal documents and even statutes. Indeed, section 1.01(1), Florida Statutes, provides that in construing all statutes, “[t]he singular includes the plural and vice versa.” It takes a will to find ambiguity in such a common drafting practice. Apparently, not this side of heaven will insurance companies find a draftsman adequate to his task and, of course, there will be no insurance companies there.
The summary judgment in favor of the insured and against the insurer should be reversed and the cause remanded with instructions to enter summary judgment for the insurer and against the insured.